IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| HECTOR CRUZ-ESTEBAN, | § | |
| | § | |
| v. | § | 2:11-CV-0143 |
| | § | |
| UNITED STATES OF AMERICA, | § | |

**REPORT AND RECOMMENDATION
TO DENY MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

Defendant HECTOR CRUZ-ESTEBAN has filed a Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. For the reasons hereinafter expressed, the undersigned Magistrate Judge is of the opinion defendant's claims are without merit and recommends those claims be DENIED.

I.
FACTUAL AND PROCEDURAL HISTORY

On August 11, 2003, defendant was convicted in North Carolina state court of two (2) counts of indecent liberties with child, and was sentenced to twenty (20) months in state prison. The term of imprisonment however was suspended for 36 months of probation.[1] Cause Nos. 2002CRS059512 and 2002CRS059513. Defendant was deported to Mexico in 2003.

On or about March 30, 2010, in Hall County, Texas, law enforcement stopped a vehicle containing five illegal aliens, one of which was defendant Cruz-Esteban. An investigation revealed defendant was a citizen of Mexico and was in the United States illegally.

---

[1] Probation was terminated on August 12, 2003 due to defendant being deported.

On April 2, 2010, defendant was charged by complaint in the Northern District of Texas, Amarillo Division, with the felony offense of Illegal Re-entry after Deportation in violation of 8 U.S.C. § 1326(a)(1) and 6 U.S.C. §§ 202(3), 202(4), and 557. The Federal Public Defender was appointed to represent defendant. On April 14, 2010, defendant was charged by indictment with the same illegal re-entry offense.

On July 14, 2010, defendant pled guilty to the unlawful re-entry offense as charged in the indictment. Pursuant to a Plea Agreement, defendant stipulated to the accuracy of the Factual Resume, acknowledged his plea of guilty was freely and voluntarily made, and stated that after thoroughly reviewing all legal and factual aspects of his case with his lawyer, he was fully satisfied with his lawyer's legal representation. Defendant averred he had "received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement," and that after conferring with his lawyer, concluded it was in his best interest to enter into the plea agreement and plead guilty rather than proceed to trial because he was, in fact, guilty of the charged offense. On the date he pled, defendant confirmed the terms of the Plea Agreement in open court and the Court accepted defendant's plea and the plea agreement and ordered a Presentence Investigation Report (PSR).

On August 20, 2010, the United States Probation Officer filed the PSR reflecting the following calculations: The base offense level for defendant's illegal re-entry offense was 8. The base offense level was increased by 16 levels because "defendant unlawfully remained in the United States after a conviction for a felony crime of violence," to wit:  defendant's August 11, 2003 North Carolina state convictions and resulting 20-month sentences, which were suspended for 36-months

probation. Three (3) offense levels were subtracted due to defendant's acceptance of responsibility, resulting in a total offense level of 21.

In defendant's criminal history calculation, two (2) points were assessed for the North Carolina state convictions. Defendant's adult criminal convictions resulted in a criminal history score of 2 and a Criminal History Category of II. Defendant's Criminal History Category and Total Offense Level resulted in a guideline range of 41 to 51 months imprisonment.

Defendant's only objection to the PSR was an objection made during the sentencing hearing to the paragraph detailing defendant's earnings in 2002.

On October 8, 2010, the District Judge conducted a sentencing hearing. At the hearing, the defendant was sentenced to a term of 51-months imprisonment, followed by a term of three years supervised release. The District Judge advised defendant that as a condition of his supervised release, he was to be surrendered to a duly- authorized immigration official for deportation in accordance with established procedures provided by the Immigration and Nationality Act. The District Judge explained, on the record, the reasons the sentence was assessed:

> The Court has set your penalty at fifty-one months.
>
> You have two prior felony convictions involving sexual abuse of a minor. You continue to re-enter the United States illegally. The sentence is necessary to accomplish the Court's sentencing objectives of punishment and deterrence.
>
> . . .
>
> The Court ordered three years' supervised release in part to be sure you remain outside the United States if deported or removed or allowed voluntary departure.

Defendant appealed his conviction and sentence to the United States Court of Appeals for the Fifth Circuit. *United States v. Cruz-Esteban*, No. 10-11066. On appeal, defendant argued the Court failed to advise him of five of his rights as required by Federal Rule of Criminal Procedure

11(b)(1)(B)-(F).  Reviewing defendant's claim for plain error, the Fifth Circuit affirmed defendant's conviction and sentence on June 14, 2011, explaining:

> Most of the rights omitted by the district court were set forth in either the written plea agreement or the district court's order accepting the guilty plea, both of which Cruz-Esteban acknowledged as correct.  He therefore cannot show that his substantial rights were affected by those particular omissions.  Moreover, for all of the challenged omissions, he has not demonstrated a reasonable probability that he would not have pleaded guilty if he had been advised of those rights.  *See Dominguez Benitez*, 542 U.S. at 76.  He has therefore failed to show reversible plain error regarding this issue.

Cruz-Esteban, No. 10-11066, 2011 WL 1899572.

Defendant did not seek certiorari with the United States Supreme Court.

On July 11, 2011, defendant filed a pleading entitled "Defendant's Memorandum of Case Law and Authority Pursuant to 28: U.S.C. [sic] § 2255."  On July 13, 2011, the Court found that even though defendant indicates the pleading filed on July 11 was filed in support of a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence, there was no such motion pending in this Court.  Defendant was ordered to file an amended motion on the form provided by the Clerk.  Defendant filed his Amended Motion on August 8, 2011.  The government filed a response in opposition to the motion to vacate on September 23, 2011.  The Court notes that although the government was directed to answer the Amended Motion to Vacate, Set Aside, or Corrected Sentence, the government's response actually appears to be a response to the original memorandum, and omits at least one of defendant's grounds set out in the Amended Motion.  Defendant has not filed a reply to the government's response.

## II.
## DEFENDANT'S ALLEGATIONS

The Court understands Defendant to present the following claims seeking to vacate the sentence imposed:

1.  The District Court violated Rule 11 by failing to verify the plea was not coerced.

2.  The plea was coerced because the government threatened to charge defendant with additional counts if he did not plead guilty.

3.  Defendant was denied his constitutional right to effective assistance of counsel because trial counsel failed to:

    a.  prepare a defense, investigate and interview witnesses, and file necessary motions.

    b.  provide the court with a transcript of the state conviction resulting in defendant's sentence being unconstitutionally enhanced by the state conviction.

### III.
### STANDARD OF REVIEW

Under 28 U.S.C. § 2255, a federal prisoner may move the convicting federal court to vacate, set aside, or correct his conviction or sentence. However, such a motion is "reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal, and would, if condoned, result in a complete miscarriage of justice." *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981). There are four grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996).

A section 2255 collateral challenge, however, "may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982). Therefore, constitutional claims which could have been raised on direct appeal cannot be raised for the first time in a section 2255 motion unless the

prisoner can show both "cause" for his failure to raise the issue on appeal and "actual prejudice" resulting from the constitutional violation, or that the constitutional violation has probably resulted in the conviction of one who is actually innocent. *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991).

## IV.
## GUILTY PLEA

Defendant first argues his guilty plea was involuntary and unknowing because the plea colloquy was deficient under Rule 11.  Defendant argues the trial court failed to determine whether the plea was voluntary and not the result of force or threats or promises not set out in the plea agreement.  Defendant also claims his guilty plea was involuntary and unknowing because the court failed to inform him of certain of his rights under Rule 11.  To the extent Defendant asserts claims concerning the Court's failure to advise him of his rights under Rule 11, the claim is barred because it has been rejected by the Fifth Circuit. *See United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) ("issues raised and disposed of in a previous appeal from an original judgment and conviction are not considered in § 2255 Motions.").

Defendant next claims that his plea was coerced because of threats from the government, which were communicated to him by defense counsel, i.e., that if he did not take the plea offer the government would indict him on more charges.  Defendant has provided no evidence to support his claim that he was coerced into accepting the plea agreement, and such claim is not only conclusory, it is contradicted by the record.  Conclusory allegations are insufficient to entitle a habeas corpus petitioner to relief. *See Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982).  Moreover, a guilty plea is knowingly and voluntarily entered if the defendant knows the maximum prison term for the offense charged. *Ables v. Scott*, 73 F.3d 591, 592-93 n.2 (5th Cir. 1996).  Defendant does not contend he did not know the maximum prison sentence and fine that could be imposed, and in fact,

the record shows that defendant signed the plea agreement and factual resume and filed no substantive objections to the Presentence Report, which also set out his maximum sentence and fine. Moreover, defendant affirmed the plea agreement during his guilty plea proceeding, which plea agreement specifically stated that no threats had been made.[2] Defendant Cruz-Esteban has offered no evidence to refute his testimony under oath at the plea hearing that he was pleading freely and voluntarily. *See also United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) (holding that defendants may not ordinarily refute their testimony given under oath at the plea hearing because "'[s]olemn declarations in open court carry a strong presumption of verity,' forming a 'formidable barrier in any subsequent collateral proceedings'" (quoting *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977))). Defendant's first and second grounds should be DENIED.

## EFFECTIVENESS OF COUNSEL

The proper standard for judging a defendant's contention that he is entitled to relief on the ground that his trial counsel rendered ineffective assistance is enunciated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under the *Strickland* standard, a defendant must show counsel's performance was deficient. This requires showing counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed to a criminal defendant by the Sixth Amendment to the United States Constitution. In order to amount to ineffective assistance of counsel, counsel's performance must have fallen below an objective standard of reasonableness as determined by the norms of the profession. Counsel's performance is reviewed from counsel's perspective at the time of trial, not from hindsight. *Id.* at 689. A reviewing court's scrutiny of trial counsel's performance is highly deferential, with a strong

---

[2]*See* Plea Agreement, p. 4, para. 9: "Voluntary Plea: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose."

presumption that counsel's performance falls within the wide range of reasonable professional assistance. *Id.*

A defendant must also show he was prejudiced by counsel's deficient performance. To establish this prong, defendant must show counsel's errors were so serious as to deprive defendant of a fair trial. Specifically, defendant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different or that the errors were so serious as to deprive the defendant of a fair trial with a reliable result." *Id.* at 694.

In his ground 3(a), defendant asserts that he was denied his constitutional right to effective assistance of counsel because trial counsel failed to prepare a defense, investigate and interview witnesses, and file necessary motions. Defendant has failed to specify, however, exactly what counsel failed to investigate and/or what such an investigation would have revealed. He has not identified any witnesses that should have been interviewed or how their testimony would have altered the outcome of the case. The docket reflects that counsel filed six pre-trial motions, and Defendant has failed to explain what additional pretrial motions counsel should have filed. "A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989). "Complaints of uncalled witnesses are not favored . . . because allegations of what the witness would have testified are largely speculative" and a movant "must show not only that the testimony would have been favorable, but also that the witness would have testified at trial." *See Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2002). Here, the Defendant was convicted of the offense of illegal re-entry after deportation. Defendant has not shown there is any reason to suspect he was not previously deported or that the prior deportation was invalid. Further, he has not shown nor can he show he was not present in the United States on the date alleged. He has advanced no defense which could have been presented.

In ground 3(b), defendant contends counsel was ineffective because she did not provide the sentencing court with a transcript of the state conviction, and thus his sentence was unconstitutionally enhanced by the state conviction. It is unclear exactly what the defendant means by the word "transcript." In any event, the record reflects the court was aware of defendant's prior North Carolina state convictions, and defendant has failed to demonstrate how a transcript from his state court proceedings would have helped in his federal proceedings, or how trial counsel's failure to provide the court with the transcript amounted to constitutionally ineffective assistance of counsel. Other than his conclusory allegation, defendant has not demonstrated that, but for his attorney's performance, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 693-94. Defendants ground 3(b) should be DENIED.

Finally, the Court notes that the "Statement of Proceedings" contained in Defendant's Memo of Case Law describes in detail several allegations concerning the North Carolina state criminal proceedings that are very similar to the claims urged in this motion attacking his federal conviction, including claims of ineffectiveness of trial counsel and invalidity of his guilty plea. If it is Defendant's intention to have this Court review his North Carolina state criminal convictions, such a claim is not properly before this Court. Further, Defendant admits he was represented by counsel during the North Carolina proceedings, so there does not appear to be any ground to challenge the validity of those state convictions in the motion to vacate. *See Daniels v. United States*, 532 U.S. 374, 121 S.Ct. 1578, 149 L.Ed. 2d 590 (2001) (holding that the only exception to the general rule that a discharged sentence is not subject to a later challenge is when the petitioner was not

represented by counsel in the challenged proceeding as set forth in *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed. 799 (1963)).

## V.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed by defendant HECTOR CRUZ-ESTEBAN should be DENIED.

## VI.
## INSTRUCTIONS FOR SERVICE and NOTICE OF RIGHT TO OBJECT

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 27th day of March 2014.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

# *  **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).